**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Kirsten Beausoleil and Daniel Ernst, | ) |
| Plaintiffs, | ) ) ) |
| | ) Case No. |
| v. | ) ) |
| Three Paws, Inc d/b/a Ardmore Lounge and Duane Polen, | ) Jury Trial Demanded ) ) |
| Defendants. | ) ) ) |

**COMPLAINT**

Plaintiffs Kirsten Beausoleil and Daniel Ernst, by and through their attorneys, O'Connor | O'Connor, P.C., hereby submit this Complaint against their former employer, Defendants Ardmore Lounge and Duane Polen. In support thereof, Plaintiffs state and allege as follows:

**NATURE OF ACTION**

1. Plaintiffs bring this Action seeking redress for Defendants' violations of their rights under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL").

2. Defendants employed Plaintiff as bartenders and failed to pay them the required minimum wages.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's Illinois state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

4. Venue is proper under 28 U.S.C. 1391(b) because the events giving rise to the claim alleged herein occurred within the Northern District of Illinois.

## PARTIES

5. Plaintiff Beausoleil worked as a bartender at Ardmore Lounge from 2017 to October 2020.

6. Plaintiff Ernst worked at Ardmore Lounge as a bartender from July 2014 to October 2020.

7. Ardmore Lounge is a bar located in Villa Park, Illinois and Defendant Duane Polen is the sole owner.

8. During their employment, Defendant Polen set Plaintiff's schedules and hourly rates.

9. Defendant Polen was also responsible for processing employees' payrolls and paying them.

10. At all times relevant hereto, the Defendants were Plaintiffs' "employer" as that term is defined in each of the wage claims at issue in this case.

11. Plaintiffs were paid an hourly wage of $6.50 at all relevant times.

12. While employees may take a "tip credit" under certain circumstances and pay tipped employees a sub-minimum wage, they have to meet certain requirements under the FLSA. 29 U.S.C. §203(m).

13. Defendants failed to comply with the predicate requirements under the Act. 29 U.S.C. §203(m).

14. Defendant failed to compensate Plaintiffs and similarly situated servers the applicable minimum wage. This resulted in Plaintiffs not receiving minimum wage for all hours they worked.

### COUNT I – Failure to Pay Minimum Wages
### FAIR LABOR STANDARDS ACT

15. Plaintiffs re-allege and incorporate by reference paragraphs 1-14

16. At all relevant times, Defendants employed Plaintiffs and they were non-exempted hourly employees within the meaning of the FLSA.

17. At all relevant time, Plaintiffs were engaged in commerce and were covered employees under the FLSA.

18. Defendants failed to compensate Plaintiffs the applicable minimum wage. This resulted in Plaintiffs not receiving minimum wage for all hours they worked.

19. Although Defendants may take a tip credit in paying hourly wages to Plaintiffs and proposed Collective members, Defendants failed to comply with the predicate requirements under the Act. 29 U.S.C. §203(m).

20. Defendants failed to inform the Plaintiffs of the provisions of the tip credit subsection.

21. Defendants' violation of the FLSA have been willful and intentional, and thus the 3-year statute of limitations to Defendant's violations pursuant to 29 U.S.C. § 255 applies.

**WHEREFORE**, the Plaintiffs request the following relief:

a. Compensation in the amount of the owed minimum wages for all time worked by Plaintiffs;

b. An additional amount equal as liquidated damages;

c. Prejudgment interest;

d. Reasonable attorneys' fees, and costs; and

e. Such other and further relief as this Court deems appropriate and just.

## COUNT II – Failure to Pay Minimum Wages
## ILLINOIS MINIMUM WAGE LAW

22. Plaintiff hereby alleges and incorporates Paragraph 1 through 20 of this Complaint, as is fully set forth herein.

23. This count arises from Defendants' willful violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, its failure to pay Plaintiffs all their earned minimum wages.

24. Plaintiffs are former bartenders of Defendants who have not been paid, minimum wages under the provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*.

25. Defendant violated the IMWL by failing to compensate Plaintiffs for all hours worked and failed to pay wages consistent with the minimum wage provisions.

26. As a result of Defendant's violation of the tip credit provision that would otherwise allow it to utilize a tip credit, Plaintiffs have been damaged in that they have not received minimum wages due to them pursuant to the IMWL.

WHEREFORE, Plaintiffs request the following relief:

a. Compensation in the amount of the owed minimum wages for all time worked by Plaintiffs;

b. Treble damages;

c. Penalty in the amount of 5% of the amount of such underpayments for each month following the date such underpayments remain unpaid;

d. Pre and post judgment interest with respect to the total amount of unpaid overtime compensation;

e. Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Illinois Minimum Wage Law; and

f. Such additional relief as the Court deems appropriate under the circumstances.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

    Respectfully Submitted,
Kirsten Beausoleil and Daniel Ernst
By: /s/ Heewon O'Connor.
One of Plaintiffs' Attorneys

Heewon O'Connor (ARDC# 6306663)
O'Connor | O'Connor, P.C.
110 E. Schiller St., Ste 212
Elmhurst, IL 60126
Tel. 630-903-6397
Fax. 630-658-0336
heewon@oconnor-oconnor.com