IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kirsten Beausoleil and Daniel Ernst )<br>    Plaintiffs, )<br>        v. )<br>)<br>Three Pays, Inc. d/b/a Ardmore Lounge )<br>and Duane Polen, )<br>    Defendants. ) | Case: 1:22-cv-02930<br>Hon. LaShonda A. Hunt |

## **RULE 6(b) MOTION FOR LEAVE, EXTENSION OF TIME, AND APPEARANCE VIA REMOTE MEANS**

NOW COME the Defendants, by and through their attorney, ALYCIA A. FITZ of ALYCIA A. FITZ, ATTORNEY AT LAW, and as and for their Motion requesting that this Honorable Court grant their attorney leave to file their Response to Plaintiffs' Motion for Summary Judgment - including their responses to the Motion, Memorandum in Support, Local Rule 56.1 Statement of Undisputed Facts, and Exhibits thereto – and Defendants' Local Rule 56.1 Statement of Facts and exhibits thereto on or before January 19, 2024, pursuant to Fed. R. Civ. P. 6(b)(1)(B), and to allow the attorneys to appear via remote means. In support, Defendants state as follows:

1. This Court set the due date for responses to the parties' dispositive motions for December 29, 2023.

2. Counsel for Defendants proposed said date based on her knowledge of her schedule, her obligations, and her health conditions at that time.

3. Fed. R. Civ. P. 6(b) states as follows:

> (b) EXTENDINGTIME. (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

(2) Exceptions. A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

4. The Supreme Court identified four guiding factors for determining whether excusable neglect exists in *Pioneer Investment Services Co. v. Brunswick Associates, Ltd.*, 507 U.S. 380, 395 (1993):

    (1) the danger of prejudice to the non-movant, (2) the length of the delay and its impact on the judicial proceedings, (3) the reason for the delay (including whether the delay was within the control of the movant), and (4) the movant's good faith.

    *Cited by McCann v. Cullinan*, No. 11 CV 50125, 9 (N.D. Ill. Jul. 14, 2015), *citations omitted.*

5. "These factors are not weighted equally: the reason for the delay is the most important factor." *Id.*

6. Counsel for Defendants seek an extension of time to complete and file the above-described responsive documents due to the following matters beyond her control, not stated by way of exclusion:

    a. Unexpected medical issues for her immediate family member arising on December 29 and December 30, 2023 causing additional obligations as well as delays and multiple re-scheduling;

    b. Said counsel falling ill on December 31, 2023 through January 11, 2024, an illness from which said counsel is recovering; and

    c. Despite the undersigned counsel making every good faith effort to accurately complete Defendants' responses and accompanying exhibits and declarations,

those efforts were further frustrated by chronic health issues and power outages that prevented her from timely doing so.

*See* Declaration, attached hereto.

7. Defense Counsel acknowledges that this Motion is not the first submitted in this case. However, the existence of past motions does not mean that the instant motion is the result of a lack of diligence, lack of good faith, or inexcusable neglect on the part of Counsel or Defendants.

8. Defense Counsel attempted to discuss an extension to the December 29, 2023 deadline with Plaintiffs' Counsel as required by this Court's instructions. Counsel left a detailed voice mail at the office number before 4:50 p.m. and sent an email to Plaintiffs' Counsel shortly thereafter. *See* Declaration, Paragraph 8. As of January 16, 2024 at 12:15 p.m., Defense Counsel has not received a response from Plaintiffs' Counsel.[1]

9. Granting the relief requested in this motion would be fair and result in very little, if any, prejudice or inconvenience to Plaintiffs for the following reasons, not stated by way of exclusion:

    d. The business/court days within each of the last two weeks of December and first week of January were shortened by Christmas Day, New Years' Eve, New Years Day, Martin Luther King, Jr. Day, and their respective holiday weekend days and nights;

    e. Defendants' request seeks only 21 days/13 court days;

---

[1] Defendants' Counsel presumes that Plaintiffs' Counsel took time off for vacation and/or to spend time with her family during the holiday season.

 f. Plaintiffs received notice that Defendants' responses would likely be delayed before the set due date (*See* Declaration, attached);

 g. Plaintiffs received a general notice of the Defendants' positions on the issues asserted by Plaintiffs for resolution through summary judgment from the settlement memoranda Defendants submitted in August 2023, Defendants' written discovery responses, Defendant Duane Polen's depositions (in this case and in a related state-court case), and Defendants' affirmative defenses;

 h. Plaintiffs' memorandum in support of its Motion for Summary Judgment confirms that they are aware of Defendants' positions in that Plaintiffs addressed them (in varying degrees of detail) and, therefore, Plaintiffs will not be surprised or starting from scratch to prepare their Reply materials; and

 i. Plaintiffs' damages claim includes a percentage penalty that accrues each month after filing which, therefore, accommodates Plaintiffs for the time spent to litigate said claims should they succeed.

10. Denying the relief requested in this motion would result in severe prejudice and a severe penalty to Defendants for the following reasons, not stated by way of exclusion:

 j. Plaintiffs' Rule 56.3 asserted material facts contain irrelevant, unfairly prejudicial, and inaccurate facts that will be deemed admitted;

 k. Defendants' will not be able to assert the facts and law supporting their legitimate affirmative defenses and related claims on which Plaintiffs seek summary judgment;

 l. Plaintiffs did not address in detail the above-described facts and law in their summary judgment materials and, therefore, without Defendants' responses it

is less likely (or not likely) that this court would consider said facts and law in these summary judgment proceedings;

    m. The above-described affirmative defenses and related claims greatly affect the amount of damages, if any, for which this small business may be liable, including but not limited to:

        i. The applicable statute of limitations for claimed FLSA violations (i.e. damages based on work performed extending to 2 or 3 years before filing); and

        ii. Whether Illinois intended for Defendants' small business to fall under the Illinois Minimum Wage Law, which applies a higher multiplier than FLSA.

11. Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b) do not apply to this Motion.

12. Defendants' anticipated responses will narrow the contested matters before this court and allow for a more efficient resolution.

13. Means exist to fairly resolve this issue by granting the requested time to Defendants and granting Plaintiffs an extension to file its replies equal to the time requested by this motion.

WHEREFORE the Defendants request the following:

    A. An Order extending the deadline to file Defendants' Responses to Plaintiffs' Motion for Summary Judgment, Memorandum in Support, Statement of Undisputed Facts, and supporting exhibits, affidavits, and declarations plus Defendants' asserted Statement of Undisputed Facts to at least on or before January 19, 2024;

Page 5 of 6

B. An Order extending Plaintiffs' deadline to submit any replies they have to Defendants' submissions by the same amount of time granted to Defendants, namely at least February 9, 2024;

C. An Order granting counsel leave to appear for presentment of the instant Motion via video (e.g. Zoom, Face Time, and similar) if available or other remote means such as by telephone; and

D. Any other and further relief deemed necessary and just.

                                    Respectfully submitted,
                                    THREE PAWS INC, AND DUANE POLEN

                                    By: ___ */s/ Alycia A. Fitz* _____
                                            Defendants' Attorney

Alycia A. Fitz
Alycia A. Fitz, Attorney at Law
45 S. Park Blvd., Suite 200
Glen Ellyn, IL 60137
Office: 630-917-2227
alycia@attorneyfitz.com