UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kirsten Beausoleil and Daniel Ernst, <br><br> Plaintiffs, <br><br> v. <br><br> Three Paws, Inc d/b/a Ardmore Lounge and Duane Polen, <br><br> Defendants. | Case No. 1:22-cv-02930 <br><br> Hon. LaShonda A. Hunt <br> Hon. Magistrate Jeffrey T. Gilbert |

**Plaintiffs' Response in Opposition to Defendants' Motion For Leave and Extension of Time**

Defendants' counsel **failed to confer with Plaintiffs' counsel** before filing Defendants' Motion For Leave and Extension of Time ("Motion") on January 16, 2024. Further, Defense counsel failed to show good cause justifying such an extension. Defendants' Motion should be denied and no further extension should be allowed.

1. In the motion filed on January 16, 2024, Defense counsel represents that she "attempted to discuss an extension to the December 29, 2023, deadline with Plaintiffs' Counsel required by this Court's instructions. Counsel left a detailed voice mail at the office number before 4:50 p.m. and sent an email to Plaintiffs' Counsel shortly thereafter. See Declaration, Paragraph 8. As of January 16, 2024 at 12:15 p. m. Defense Counsel has not received a response from Plaintiffs' Counsel." Defendant's Motion [Doc # 59], Paragraph 8. However, this grossly misrepresents the circumstances of the meet and confer communications attempted by the Defense Counsel.

2. While Defense Counsel did call and email Plaintiffs' Counsel after the office was closed on December 29, 2023, - the same day that the Defendants' response was due- her communications were only asking whether Plaintiffs' Counsel objected to Defendants' filing of their response the next day (Saturday, December 30, 2023). In other words, seeking a single-day extension. **Ex. 1, Defense Counsel's email**.

3. Nevertheless, Defendants failed to file their response by their own requested extension deadline of December 30, 2023.

4. No further communication by Defense counsel had been made about any extension until the instant motion was filed yesterday.

5. Defendants are now asking for an extension to January 19, 2024, in the motion filed on January 16, 2024, almost three weeks after the original due date.

6. As noted above though, Defense Counsel never contacted Plaintiffs' Counsel before filing this motion to discuss an extension to file her response to January 19, 2024.

7. Where a deadline has already passed, Federal Rule of Civil Procedure 6(b)(1)(B) allows for extension of time only upon a showing that "the party failed to act because of excusable neglect." See also *Stewart v. Wall*, 688 F. App'x 390, 394 (7th Cir. 2017) (providing that when a party requests an extension of a summary judgment deadline after time has expired, courts have discretion to extend time for excusable neglect); *Knapp v. Evgeros, Inc.*, 205 F. Supp. 3d 946, 951 (N.D. Ill. 2016) ("[T]he court should deny the motion [under Rule 6(b)(1)(B)] unless the movant can show that her failure to meet the deadline was the result of "excusable neglect."). *Brown v. Kelly Services*, No. 16 C 11152, 2018 U.S. Dist. LEXIS 4089, at *4 (N.D. Ill. Jan. 10, 2018) (denying a request by

defense counsel to retroactively deem timely a motion for summary judgment filed 18 days after the deadline, where the request was filed after the deadline had passed).

8. Further, the Seventh Circuit has routinely held that health problems do not constitute excusable neglect under Rule 6(b)(1)(B) of Federal Rules of Civil Procedures when there are no sufficient corroborating facts. *Miller v. Chicago Transit Authority*, 20 F.4th 1148, 1153-54 (7th Cir. 2021) citing *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012); *see also Acosta v. DT & C Global Mgmt., LLC*, 874 F.3d 557, 560-61 (7th Cir. 2017).

9. While Plaintiffs' Counsel is sympathetic to Defense Counsel's health struggles, it is not clear how her family emergencies and health conditions between December 29, 2023, and January 11, 2024, prevented her from filing a response to Plaintiffs' Summary Judgment Motion that was filed on November 17, 2023.

10. It should be also noted that Plaintiffs did not oppose the previous two extension motions by Defendants.

11. Throughout this litigation, Defense counsel has also exhibited a pattern of delay and requests for last-minute extensions to deadlines. This is not the first time Defense Counsel has asked for an extension and was granted such extension. Even with the original extension granted to her, Defense Counsel still failed to meet any of the deadlines set in the briefing schedules for the parties' summary judgment motions.

12. This last request/motion is now being made well after the deadline had passed, and while also failing to confer with Plaintiffs' Counsel about this motion at the time she drafted and filed it, in contravention of the Court's clear order on her obligation to meet and confer.

13. Plaintiffs are prejudiced by these continual delays and requests for extensions. Deadlines and schedules are meaningless and cannot be relied upon if they are subject to perpetual last-minute or post facto changes. It also creates an imbalance in the time each party is given to craft their respective motions and responses on dispositive and material issues in the case. The Plaintiffs also have a substantial interest in maintaining a reasonable schedule and pace for their claims.

14. Accordingly, Plaintiffs respectfully request that the Court deny the Defendants' untimely motion.

Respectfully Submitted,<br>
Kirsten Beausoleil and Daniel Ernst,<br>
By: /s/ Heewon O'Connor.<br>
One of Plaintiffs' Attorneys

Heewon O'Connor (ARDC# 6306663)
O'Connor | O'Connor, P.C.
110 E. Schiller St., Ste 212
Elmhurst, IL 60126
Tel. 630-903-6397
Fax. 630-658-0336
heewon@oconnor-oconnor.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2024, Plaintiffs' Response In Opposition to Defendants' Motion For Leave and Extension of Time was served this day on all counsel of record via transmission by electronic mail; all parties to this action being authorized to, and currently utilizing, the CM/ECF system for the Northern District of Illinois.

/s/ Heewon O'Connor.
Heewon O'Connor
O'Connor | O'Connor, P.C.
110 E. Schiller St., Ste 212
Elmhurst, IL 60126
Office 630-903-6397
Fax. 630-658-0336

**Service List**

Alycia Alexandra Fitz     alycia@attorneyfitz.com