IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kirsten Beausoleil and Daniel Ernst, | |
| Plaintiffs, | |
| v. | Case No. 22 C 2930 |
| Three Paws, Inc. d/b/a Ardmore Lounge and Duane Polen, | Hon. LaShonda A. Hunt |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Kirsten Beausoleil and Daniel Ernst worked as bartenders at Defendant Three Paws, Inc. d/b/a Ardmore Lounge, which is owned and managed by Defendant Duane Polen. Plaintiffs sued Defendants for violating the Fair Labor Standard Act (FLSA) and Illinois Minimum Wage Law (IMWL) by failing to comply with tip credit requirements and paying Plaintiffs less than the required minimum wage. Plaintiffs filed a partial motion for summary judgment [51], to which Defendants failed to respond. For the following reasons, summary judgment is granted in favor of Plaintiffs on liability except as to the applicability of the three-year statute of limitations under the FLSA.

## BACKGROUND

The following facts are taken from Plaintiffs' Local Rule 56.1(a)(2) Statement of Uncontested Facts, (SOF, Dkt. 52), which are treated as having been admitted because Defendants did not file a response under Local Rule 56.1(b)(2). *See* Local Rule 56.1(e)(3) ("Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material."); Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the

1

fact undisputed for purposes of the motion[.]"); *Hartford Fire Ins. Co. v. Taylor*, 903 F. Supp. 2d 623, 647 (N.D. Ill. 2012) ("When a proposed statement of fact is supported by the record and not adequately controverted by the opposing party, the Court will accept that statement as true."); *see also Hanover Ins. Co. v. House Call Physicians of Ill.*, No. 15 C 3684, 2016 WL 1588507, at *2 (N.D. Ill. Apr. 19, 2016) ("[T]he Seventh Circuit repeatedly has held that the district court is within its discretion to enforce strict compliance with the requirements of Local Rule 56.1.") (collecting cases).

Defendant Three Paws, Inc. does business as Ardmore Lounge, which is a bar located in Villa Park, Illinois. (SOF ¶ 3). Defendant Duane Polen is the owner. (*Id.* ¶ 4). Plaintiffs worked as bartenders at Ardmore Lounge from September 2010 through February 2021. (*Id.* ¶¶ 7, 9, 22). During the time period relevant to this lawsuit, Ardmore Lounge had at least four employees, and Polen acted as their direct supervisor, among other things, recording and reviewing employees' hours and processing payroll. (*Id.* ¶¶ 23-24, 40-41).

Plaintiffs were both initially hired in September 2010 as "off the books" employees, meaning that they would be paid in cash only. (*Id.* ¶¶ 8-9). When they were first hired, Polen told Plaintiffs that they would be paid $6 per hour plus tips. (*Id.* ¶ 14). For their hourly wages, Plaintiffs were told to write down their wage amount for each day at the end of each shift and to take their daily wages out of the cash register. (*Id.*) When Plaintiffs were paid off the books, Defendants did not keep any records of the hours worked or issue any paystubs or tax forms. (*Id.* ¶ 15).

Polen put Ernst "on the books" in July 2014. (*Id.* ¶ 16). At that time, Polen asked Ernst to fill out a W-4 and told Ernst that he would be paid $6.50 per hour and by check every two weeks. (*Id.*). Polen and Ernst had no other communication about compensation. (*Id.*) Beausoleil was put

2

on the books in July 2017 under the same terms as Ernst. (*Id.* ¶ 18). Defendants did not keep track of tips Plaintiffs received, and no tips were reflected on Plaintiffs' W-2s. (*Id.* ¶ 31).

According to Polen, he advised Plaintiffs at the time they were put on the books that they could keep all their tips and that he was paying them $6.50 per hour, which is above the minimum age for tipped employees, to help them with income taxes. (*Id.* ¶ 35). Polen also claimed that he told Plaintiffs they would be responsible for their tips because he could not be at the bar the whole time. (*Id.* ¶ 36). In addition, Polen testified that he showed Plaintiffs two posters at the bar about workers' rights around the time they went on the books. (*Id.* ¶ 37). However, Defendants produced only one poster from the Illinois Department of Employment Security (IDES) with dates from 1986 and 1987. (*Id.*) The poster contained no information regarding tip credits. (*Id.*)

Plaintiffs' last day of work at the bar was in October 2021, when the Governor of Illinois issued an executive order in response to the COVID-19 pandemic requiring certain businesses to temporarily shut down. (*Id.* ¶ 20). Although the bar reopened soon afterwards and the executive order was lifted in February 2021, Plaintiffs were not given the option to return to work and instead terminated. (*Id.* ¶¶ 21-22).

Plaintiffs filed this action in June 2022, alleging that Defendants had failed to comply with tip credit requirements and, as a result, had failed to pay the minimum wage in violation of the FLSA and IMWL. After the parties completed discovery, this Court set a generous briefing schedule for dispositive motions based on their proposed agreed schedule. (*See* Dkt. 50). While Plaintiffs filed their summary judgment motion on time, Defendants missed that initial deadline. After being granted multiple extensions to file their own motion for summary judgment and a response to Plaintiffs' pending motion, Defendants still failed to comply. (Dkts. 55, 57, 61).

3

Consequently, the Court finally took the matter under advisement without any briefing from Defendants. (Dkt. 62).

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether there is a genuine dispute of material fact, the Court must resolve all disputes and draw all reasonable inferences in favor of the non-movant. *Dietchweiler v. Lucas*, 827 F.3d 622, 627 (7th Cir. 2016). The party seeking summary judgment has the burden of establishing the lack of any genuine dispute of material fact. *See Cellotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Cellotex,* 477 U.S. at 322. "The mere existence of a scintilla of evidence in support of the (non-movant's) position will be insufficient; there must be evidence on which the jury could reasonably find for the (non-movant)." *Anderson,* 477 U.S. at 252. "Even where a nonmovant fails to respond to a motion for summary judgment, the movant 'still [has] to show that summary judgment was proper given the undisputed facts[.]'" *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)).

## DISCUSSION

Plaintiffs seek summary judgment on the limited issue of whether Defendants are liable for violating labor laws by failing comply with tip credit notice and recordkeeping requirements and,

as a result, to pay the required minimum wage. After considering the uncontroverted submissions, the Court finds that Plaintiffs are entitled to summary judgment on the issue of liability.

**I.** **Tip Credit Requirements & Minimum Wage Laws**

Under both the FLSA and IMWL, an employer is allowed to take a "tip credit," meaning that the cash wage paid by an employer to a tipped employee can be less than the minimum wage so long as the cash wage plus tips equals at least the minimum wage. *See* 29 U.S.C. § 203(m); 820 ILCS 105/4(c); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) ("Because they receive tips their employer is not required to pay them the full federal or state minimum wage; in effect their tips are credited against the minimum wage to which they would otherwise be entitled."); *Soto v. Wings 'R Us Romeoville, Inc.*, No. 15 C 10127, 2016 WL 4701444, at *2 (N.D. Ill. Sept. 8, 2016). However, "if the tips, in combination with the below-minimum-wage hourly rate, do not add up to the minimum wage, the employer has to make up the difference." *Wings 'R Us*, 2016 WL 4701444, at *2 (citing 29 U.S.C. § 203(m); *AppleIllinois*, 739 F.3d at 1074).[1]

To take advantage of tip credits, employers are required to provide certain notices to employees. 29 U.S.C. § 203(m)(2)(A); 29 C.F.R. § 531.59(b); 820 ILCS 105/9; Ill. Admin. Code tit. 56, § 210.750; *Driver v. AppleIllinois, LLC*, 917 F. Supp. 2d 793, 800, 802-03 (N.D. Ill. 2013); *Schaefer v. Walker Bros. Enters.*, 829 F.3d 551, 556-58 (7th Cir. 2016). "The 'statutory minimum' information that the employer must convey is that it will pay less than minimum wage in anticipation of the employee earning tips, how much less than the minimum wage the employer will pay, and that the employer will make up any difference between the minimum wage and the

---

[1] During the relevant time period, June 2019 through November 2020, the Federal minimum wage was $7.25 per hour, 29 U.S.C. § 206(a)(1)(C), and the Illinois minimum wage was $8.25 per hour in 2019, $9.25 per hour from January 1, 2020, through June 30, 2020, and $10 per hour from July 1, 2020, through December 21, 2020, 820 ILCS 105/4(a)(1).

cash wage plus tips that the employee earns." *Gabryszak v. Aurora Bull Dog Co.*, 427 F. Supp. 3d 994, 1005 (N.D. Ill. 2019) (citing *Schaefer*, 829 F.3d at 556-58). Employers are also required to maintain and preserve certain records for employees whose compensation is derived in part from tips. 29 C.F.R. § 516.28(a); Ill. Admin. Code. tit. 56, § 210.720.

If an employer takes a tip credit but fails to comply with these requirements, the employer can be held "liable for the full minimum wage for every hour worked by the employees." *Gabryszak*, 427 F. Supp. 3d at 1005 (quoting *AppleIllinois*, 917 F. Supp. 2d at 800). The employer has the burden to show that it was entitled to take a tip credit. *AppleIllinois*, 917 F. Supp. 2d at 800. Illinois employers are only subject to the IMWL's tip credit requirements if they have four or more employees. 820 ILCS 105/3(d).[2]

Here, Plaintiffs have provided uncontroverted evidence showing that Defendants failed to comply with the tip credit requirements of the FLSA and IMWL. The only communications between Plaintiffs and Defendants regarding compensation took place when Plaintiffs were initially hired in 2010 and when they were put on the books—Ernst in 2014 and Beausoleil in 2017. Although Defendants told Plaintiffs that they would be paid an hourly wage and could keep their tips, there is no evidence that Defendants ever told Plaintiffs that they would be paid less than minimum wage in anticipation of Plaintiffs keeping their tips, how much less than minimum wage the hourly rate would be, or that Defendants would make up any difference between the minimum wage and the cash wage plus tips that the employee earns. The lone poster dating back to the 1980's did not provide any of this information. Furthermore, Defendants admittedly failed to keep record of any of the information about Plaintiffs' tips required by the applicable regulations.

---

[2] As discussed *supra* at 2, it is uncontested that Defendants had at least four employees for the entire time period relevant to this lawsuit. Defendants are therefore subject to the IMWL.

Accordingly, Plaintiffs have shown that there is no genuine dispute as to any material fact and they are entitled to a judgment as a matter of law on the issue of Defendants' liability for violating the tip credit requirements of the FLSA and IMWL.

## II. Individual Liability

Under both the FLSA and IMWL, individuals with sufficient control over businesses and wage violations at issue are personally liable as employers for those violations. *See Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632, 646 (N.D. Ill. 2007); *see also* 29 U.S.C. § 203(d) (defining "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee"); 820 ILCS 105/3(c) (same). "Courts assess the 'economic reality' of the working relationship to determine whether an individual is an employer under the FLSA." *Perez v. Super Maid, LLC*, 55 F. Supp. 3d 1065, 1075 (N.D. Ill. 2014). In conducting this assessment, several factors are relevant, including whether the individual: (1) had the power to hire and fire; (2) supervised and controlled work schedules and employment conditions; (3) determined the rate and method of pay; and (4) maintained employment records. *See id.; Natal v. Medistar, Inc.*, 221 F. Supp. 3d 999, 1003 (N.D. Ill. 2016); *Alvarez v. Downtown Food Enters., Inc.*, No. 10 C 4509, 2010 WL 5158122, at *2 (N.D. Ill. Dec. 13, 2010).

The evidence of Defendant Polen's unilateral control over the Ardmore Lounge and Plaintiffs' employment easily satisfies the requirements to impose individual liability under the FLSA and IMWL. Polen is the sole owner of the business. He hired Plaintiffs, set their hours and compensation, and handled all the managerial and administrative tasks. There is no evidence that any individual other than Polen exercised control over the business in the relevant areas. Accordingly, Polen is subject to individual liability as an "employer" under both statutes.

**III.     Statute of Limitations**

The general statute of limitations for claims under the FLSA is two years, but it is three years for willful violations. 29 U.S.C. § 255(a). Under the IMWL, the limitations period is three years regardless of mental state. 820 ILCS 105/12(a). To prove that an employer willfully violated the FLSA's minimum wage provisions, an employee must show that the employer either knew or acted with reckless disregard for whether its conduct was prohibited by the Act. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). "Federal regulations define reckless disregard to mean the 'failure to make adequate inquiry into whether conduct is in compliance with the Act.'" *Tomeo v. W&E Commc'ns, Inc.*, No. 14 C 2431, 2016 WL 8711483, at *13 (N.D. Ill. Sept. 30, 2016) (quoting 5 C.F.R. § 551.104). Employees carry the burden of showing that the employers' conduct was willful for purposes of the FLSA statute of limitations. *Bankston v. Illinois*, 60 F.3d 1249, 1253 (7th Cir. 1995). "[T]o do so, they must show that Defendants 'either knew [they] were violating the [FLSA] or [were] indifferent to whether [they were] violating it or not (and therefore 'reckless').'" *Berger v. Perry's Steakhouse of Ill., LLC*, 430 F. Supp. 3d 397, 409 (N.D. Ill. 2019) (quoting *EEOC v. Madison Cmty. Unit School Dist. No. 12*, 818 F. 2d 577, 585 (7th Cir. 1987)). "Normally the willfulness determination is made by a jury, . . . but where the facts are undisputed, the determination can be made by the Court on summary judgment." *Divine v. Volunteers of Am. of Ill.*, 319 F. Supp. 3d 994, 1001 (N.D. Ill. 2018) (internal citation omitted).

To support of a finding of willfulness, Plaintiffs point to Defendants' failure to comply with the tip credit notice and recordkeeping requirements and cite a number of nonprecedential decisions in which Plaintiffs say that courts have found willfulness under similar circumstances. (Mem. at 14-15, Dkt. 53) (citing *Hoffman v. Pro. Med Team*, 394 F.3d 414 (6th Cir. 2005); *Alvarez v. IBP, Inc.*, 339 F.3d 894 (9th Cir. 2003); *Marcus v. Am. Contract Bridge League, Inc.*, No. 17-

8

11165, 2021 WL 1132161 (D. Mass. Mar. 24, 2021), overruled on other grounds, 80 F.4th 33 (1st Cir. 2023); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007); *Gonpo v. Sonam's Stonewalls & Art LLC*, No. 16-40138, 2018 WL 1725695 (D. Mass. Apr. 9, 2018). But those decisions are not binding on this Court, and, in any event, they are not analogous or persuasive.

Although *Hoffman* acknowledged that "[c]ases under the ADEA and FLSA have found willfulness most frequently in situations in which the employer deliberately chose to avoid researching the law's terms or affirmatively evaded them[,]" 394 F.3d at 419-20 (quoting *Alvarez*, 339 F.3d at 909), the court still affirmed the lower court's factual finding that the defendant had neither knowingly nor recklessly violated the FMLA because the employer had made "tenable arguments" that it was "trying to do the right thing[.]" *Id.* at 420. In *Alvarez* although the appellate court upheld the trial court's finding that the employer's violation of the FLSA had been willful, that conclusion as based on an examination of the record that showed the employer was on notice of the FLSA requirements, may have actually evaded compliance, and could have easily inquired into the meaning of the relevant FLSA provisions. *Alvarez*, 339 F.3d at 909. Similarly, in *Chao*, the court's determination of willfulness relied on evidence that the employer had intentionally manipulated records, in addition to having failed to keep records. 493 F.3d at 35. *Marcus* is inapposite because there the undisputed evidence indicated that the employer's conduct was not willful, and the court merely commented that there was no evidence of falsified or missing records. 2021 WL 1132161, at *23. Finally, *Gonpo* was decided on a motion to dismiss, not summary judgment, so the court considered only whether the allegations of willfulness were sufficient, not if the plaintiff had presented sufficient evidence. 2018 WL 1725695, at *8-9. In sum, none of the authority cited by Plaintiffs supports the proposition that a failure to keep records alone is enough to find willfulness on summary judgment.

Furthermore, the evidence offered by Plaintiffs to demonstrate willfulness is not enough to support such a finding on summary judgment. True, Defendants hired Plaintiffs off the books, paid them cash for years, and reportedly kept track of Plaintiffs' schedules, but not the actual hours worked, wages paid, or tips received. But Plaintiffs have not submitted evidence of Defendants' mental state, such as awareness of FLSA tip credit requirements, or any purposeful evasion of labor laws or manipulation of records. Accordingly, the Court finds the record at this time does not establish willfulness as a matter of law and that issue will remain for trial.[3]

## CONCLUSION

For the reasons stated above, the Court finds that there is no genuine dispute as to any material fact and Plaintiffs are entitled to judgment as a matter of law on the issue of liability for violations of the FLSA and IMWL. However, the Court declines to grant summary judgment on the three-year FLSA statute of limitations because issues of fact remain as to Defendants' willfulness. Accordingly, Plaintiffs' motion for summary judgment [51] is granted, and judgment is entered against Defendants on the issue of liability except as noted.

**DATED**: May 21, 2024                 **ENTERED**:

*LaShonda A. Hunt* (signature)
LASHONDA A. HUNT
United States District Judge

---

[3] The FLSA statute of limitations was raised by Defendants as an affirmative defense. (Ans. & Affirmative Defenses at 4, Dkt. 6). Thus, although Plaintiffs, as employees, bear the burden to establish willfulness, *Bankston*, 60 F.3d at 1253, Defendants bear the burden to establish that defense in all other respects.